OPINION
This is an appeal from the Trumbull County Court, Eastern District. Appellant, Paul E. Peer, appeals his conviction for driving under suspension.
Appellant was charged with driving under suspension, in violation of R.C. 4507.02(B). At the initial appearance on July 9, 1998, appellant entered plea of not guilty and waived his right to a speedy trial. A trial took place on October 1, 1998.
At the trial, Officer Ralph Marchio ("Officer Marchio") of the Brookfield Township Police Department testified that on July 4, 1998, at about 1:35 a.m., while he was on routine traffic patrol, he observed a vehicle operated by appellant illegally travel through a red light. Thereafter, he initiated a traffic stop and discovered from a "LEADS check through 911" that appellant's operator's license was under suspension. Subsequently, he charged appellant with driving under suspension.[1]
At the conclusion of Officer Marchio's testimony, appellee, the state of Ohio, indicated that it only had one exhibit to introduce, a printout from the Bureau of Motor Vehicles ("BMV") notifying appellant that he was under suspension.[2] The trial court asked if defense counsel had any objections to the exhibit, but he did not object. Thereupon, defense counsel made an oral motion to dismiss alleging that appellee offered no proof that appellant was under suspension except for the BMV copy. Appellee responded by explaining that it introduced Officer Marchio's testimony and the BMV letter and printout. The trial court overruled the motion to dismiss since appellant did not raise an objection to the admission of the exhibit.
Appellant's version of what occurred varied from that of Officer Marchio. He testified that he was pulled over before he approached the traffic device. According to appellant, Officer Marchio indicated that his records demonstrated that appellant's license was suspended for financial responsibility. Appellant stated that after he showed Officer Marchio his license and a computer check was run on it, he realized that his license was suspended. Prior to that time, he alleged that he did not receive notice of a license suspension. In fact, he revealed that he renewed his operator's license and plates three months earlier, in April 1998.
On October 1, 1998, appellant was found guilty of driving under suspension, sentenced to ninety days in the Trumbull County Jail, and fined $500. The trial court suspended eighty-seven days of the sentence and $250 of the fine. Appellant opted to do forty hours of community service in lieu of the three days in jail. Further, appellant received one year of reporting probation and was not permitted to operate a motor vehicle unless he was validly insured and licensed. Appellant timely filed the instant appeal and now asserts the following assignment of error:
 "The trial court erred to the prejudice of appellant in finding him guilty of driving under suspension in the absence of evidence sufficient to show that appellant had notice that his driver's license had been suspended."
Appellant's sole contention is that the trial court erroneously found him guilty of driving under suspension because there was not sufficient evidence to show that he had notice that his operator's license had been suspended. Specifically, appellant argues that he did not receive proper notice of his license suspension, and therefore, appellee did not prove beyond a reasonable doubt that he violated R.C.4507.02(B).
In State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 10, this court held:
 "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 "`"(* * *) (T)he test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. * * *."'"
In the instant matter, Officer Marchio testified that he witnessed appellant travel through a red light, so he initiated a traffic stop. He ran a computer check on appellant's license and discovered that his license was under suspension. Appellant claims that he received no notice that his license was under suspension.
In order to support a finding of a R.C. 4507.02 violation, there must be proof that notice was sent to the licensee of a license suspension. State v. Gilbo (1994), 96 Ohio App.3d 332,338. Even though actual knowledge of a suspension is not a factor of driving under suspension according to the statutory definition, one should not be convicted of that offense when he or she has no way of knowing that his or her operator's license has been suspended. Id. It would be unfair to convict a person for driving under suspension if he or she was not given notice that his or her license was suspended. Id.; see, also, State v. Webb
(Mar. 25, 1998), Licking App. No. 97-CA-107, unreported, at 1, 1998 WL 299854.
In Gilbo, the reviewing court inferred the notice element in the offense of driving under suspension by comparing that situation to one where a defendant was convicted for possessing a weapon under the disability of a prior indictment regardless of whether he knew that the indictment constituted a disability. Accordingly, depending on the facts of the case, a notice element may be inferred in an offense of driving under suspension. Gilbo
at 338. In Gilbo, the court held that a copy of a properly addressed notice of suspension in a defendant's BMV file, without any evidence that notice was not sent or that it was returned undelivered, supported a finding that the defendant was notified of the license suspension. Id. at 339; see, also, State v. Acord
(May 23, 1997), Montgomery App. No. TRD-02208, unreported, at 4, 1997 WL 271694.
We note that R.C. 119.07 sets forth the notice and publication requirements for administrative agencies. However, R.C. 119.062
exempts the BMV from the registered mail and notice requirements of R.C. 119.07. State v. May (July 19, 1995), Ross App. No. 94CA2075, unreported, at 2, 1995 WL 450279. R.C. 4501.022(B) permits the BMV to establish its own procedure for proper notice to individuals whose licenses are revoked or suspended.
Moreover, under Ohio Adm. Code 4501:1-10-01(B), the BMV shall give written notice of an operator's license suspension by regular mail to the last known address of the person whose license is suspended. Pursuant to Ohio Adm. Code 4501:1-10-02(B), the BMV must maintain a file of every notice sent, which contains an identifying number for the notice along with the date of delivery to the United States Postal Service that can be verified by a "`round stamp' or some similar evidence of the date." The envelope of the notice shall also contain the return address of the BMV and a notation that the United States Postal Service forward the notice and notify the BMV of any address changes on file for the driver to whom notice was sent. Ohio Adm. Code4501:1-10-02(C). The giving of notice is complete upon deposit of the notice with the United States Postal Service. Ohio Adm. Code4501:1-10-02(E). Furthermore, Ohio Adm. Code 4501:1-10-02(F) states:
 "(F) * * * In any proceeding challenging the method of written notice or the proof of mailing for any particular order, the burden shall be upon the person making the challenge to establish affirmatively that the bureau of motor vehicles failed to comply with rule 4501:1-10-01 of the Administrative Code or this rule, that the bureau of motor vehicles acted upon erroneous information through no fault of the person making the challenge, or that the United States Postal Service forwarding order was erroneous."
Therefore, pursuant to the foregoing section, appellant bears the burden of proving that the BMV failed to comply with the notice requirements in informing appellant of the license suspension. However, appellee bears the burden of establishing compliance with the appropriate procedures in order to support a finding of driving under suspension pursuant to R.C.4507.02(B).
In the instant matter, at the trial, appellee offered one exhibit, the letter and printout from the BMV, notifying appellant of the license suspension. The notice of suspension listed appellant's address as 267 Chestnut Avenue, Warren, Ohio, which was no different than the address on appellant's traffic citation. There is nothing in the record to indicate that no notice was sent or that appellant moved. In fact, a copy of the notice mailed from the BMV to appellant was in the record before the trial court. Thus, we conclude that there was sufficient information in the record below for the trial court to find that appellant was guilty of driving under suspension. Hence, appellee met its burden of establishing that notice was sent to appellant.
The transcript also reveals that Officer Marchio testified that he informed appellant that his license was under suspension because of a failure to comply with financial responsibility requirements. Although appellant provided contradictory evidence, the trial court was not required to believe his testimony. Generally, this court cannot substitute its judgment for that of the trial court on issues of credibility. Cross v. Ledford
(1954), 161 Ohio St. 469, 478. Thus, since appellant has not met his burden of demonstrating that he did not receive notice or that the BMV failed to comply with the proper notice procedures, it is our determination that the trial court did not err in finding appellant guilty of driving under suspension.
For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Trumbull County Court, Eastern District is affirmed.
NADER, J., O'NEILL, J., concur.
[1] The record reveals that Officer Marchio did not issue appellant a citation for failing to stop at the traffic control device.
[2] Apparently, the BMV, in response to a subpoena, furnished the trial court with a copy of a notice letter regarding the suspension.